## Philip L. Null v. W. C. Watkins.

1. WARRANTY—*Recovery for a Breach of.*—If a buggy sold upon a warranty for a year is not such as it is warranted to be, that is, if it proves defective with proper use during the year, there is a breach of the warranty and consequently a right of action, notwithstanding the fact that the buggy may have been injured to some extent by reckless driving, for which specific injury, of course, no damages could be recovered.

2. INSTRUCTIONS—*When Misleading.*—An instruction in an action for a breach of warranty of a buggy calculated to mislead the jury by impressing them with the belief that if reckless driving caused any injury to the buggy there could be no breach of the warranty, is erroneous and sufficient to cause a reversal of the judgment.

Assumpsit.—Breach of warranty. Error to the County Court of White County. The Hon. JAMES C. PEARCE, Judge, presiding. Heard in this court at the February term, 1895. Reversed and remanded. Opinion filed August 31, 1895.

*Copy of instructions referred to in the opinion of the court:*

1. The jury are instructed that if you believe from the evidence that the defendant used the buggy in a reckless manner or permitted it to be used in this way and thereby damaged the buggy, then the defendant is not responsible for any such damages.

3. Under a warranty of the buggy the plaintiff was required to use ordinary care and only ordinary use of the buggy, and if by careless and reckless use of the buggy it was damaged, then in such case the defendant is not liable for any such damages.

7. In this case if the jury believe from a preponderance of the evidence that the buggy was warranted to render ordinary good service for a year, the law implies that the plaintiff shall take ordinary care of the buggy, and give it only ordinary use, and if you believe from the evidence that the plaintiff used the buggy in a reckless and careless way and thereby injured it, then in such case the defendant would not be required to make any damages good occasioned by any reckless use of the buggy by the plaintiff.

HOLDERBY & BLEAKLEY, attorneys for plaintiff in error.

P. A. PEARCE, attorney for defendant in error.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Plaintiff in error sued defendant in error for a breach of the warranty of a buggy sold by the latter to the former.

Null v. Watkins.

1. Was the buggy warranted ?

Upon this point plaintiff in error testified as follows :
" About a week before I bought the buggy, I was talking to
Watkins about buying the buggy, and he stated that the
buggy was warranted to him for one year, and he would war-
rant it to me for one year." John L. Null, the father of plaint-
iff in error, testified that Watkins stated to him that he had
warranted the buggy to the boy, meaning plaintiff in error.
Opposed to this is the testimony of defendant in error, who
stated the transaction as follows : "I don't think I war-
ranted the buggy, for Phil didn't ask me to; but if he had
I would have warranted it. I generally warrant them as
they are warranted to me."

We are of the opinion the contract of warranty was
established by the evidence.

2. Was there a breach of the warranty ?

Evidence was introduced to show that the buggy, in
many of its parts, was made of very inferior material and
in a very unskillful manner. The answer to this was that
plaintiff in error was a reckless driver, and that the many
defects mentioned by the witness resulted from hard and
improper use of the buggy, and not from insufficiency of
work or material. But the evidence does not show that all
of the defects resulted from reckless driving. A right to
the recovery of some damages for a breach of the warranty
was shown by more than a preponderance of the evidence.
Yet we would hesitate to reverse the judgment, were we
not impressed with the belief that the instructions of the
court had a tendency to draw the attention of the jury
from the real questions presented for decision.

It was indeed proper for the court to permit defendant in
error to show that plaintiff in error abused the buggy,
if such was the fact, both upon the question of a breach of
the warranty, and in reduction of damages. But it does not
follow that there could be no recovery simply because
plaintiff in error might be a reckless driver. Defendant in
error warranted in this case, in effect, that the buggy was
made of such material and in such a manner that it would

run for a year without material impairment, if used with ordinary care. If the buggy was not such as it was warranted to be, that is, if it proved to be defective, with proper use, during the year, then there was a breach of the warranty and consequently a right of action, notwithstanding the fact that the buggy may have been injured to some extent by reckless driving, for which specific injury no damages could be recovered. The breaking of a sound double-tree by reckless driving would not prevent the recovery of damages if the wheels were made of green material, so that the felloes would shrink from the tires and the spokes become loose in the hubs.

The instructions for defendant in error, while not technically inaccurate, were nevertheless calculated to mislead the jury by impressing them with the belief that, if reckless driving caused any injury, there could be no breach of the warranty. If instructions so magnify one feature of the case as to give it undue prominence, the jury may be led thereby to mistake the relative importance of the questions involved, and to render a different verdict from the one they would have rendered if all the parts of the case had appeared in their proper proportions. We can account for the verdict on no other theory than that it is the result of a misapprehension of the law on the part of the jury.

The judgment is reversed and the cause remanded.